NICK VAN DER WEIDE ET AL., PROSECUTORS, v. THE BOARD OF PUBLIC WORKS OF PATERSON ET AL., RESPONDENTS.

Submitted January 30, 1926—Decided May 28, 1926.

**Taxes and Assessments—Assessment of Benefits for New Pavement—Notice of Hearing on Ordinance Duly Given, in Response to Which Owners of More Than Two-thirds of Lands Affected Filed Objections—Without Further Notice the Governing Body Proceeded to Declare the Improvement a Public Necessity—This is Held to Have Been Wrong—The Notice to Pass the Ordinance was Not Sufficient—The Interested Parties Were Entitled to be Heard on Latter Question— The Remedy was Not on Appeal to the Circuit Court—That Court is Empowered to Pass Upon the Fact of Public Necessity, but the Jurisdictional Right of the Board Should be Determined Upon Certiorari.**

On *certiorari*.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the prosecutors, *Edward F. Merrey*.

For the respondents, *Randal B. Lewis*.

PER CURIAM.

The writ issued in this case brings before us an ordinance of the board of public works of Paterson providing for the improvement of certain streets in Paterson by the construction of a penetration pavement, and, providing further, that the cost of the improvement should be assessed against the property benefited to the extent of the benefits received. Notice of a hearing was given to the interested landowners, in response to which notice owners of more than two-thirds of the lands to be affected filed objections to the proposed improvement. Without further notice the board proceeded to declare the improvement a public necessity.

In this position of affairs, and before any further steps were taken under the ordinance, the present writ was allowed.

By stipulation between the parties it was agreed to waive all reasons except only "those applicable to the passage of the resolution above stated that the work was a public necessity."

The act of 1917 (Home Rule act), chapter 152, section 10 of article 20, provides that—

"No local improvement shall be undertaken by a municipality where objections thereto in writing are filed by the owners of two-thirds in value of the lands proposed to be assessed for benefits accruing from such improvement. Such objection shall be filed with the clerk of the governing body before the final passage of the ordinance providing for such improvement. The question as to whether the necessary two-thirds have joined in such objections shall be determined by the governing body, which shall use for that purpose the last preceding valuation for the purpose of taxation; provided, however, that if the governing body shall determine that such local improvement is a public necessity, then such municipality may undertake such local improvement notwithstanding such objection."

The act further provides for an appeal of the determination of public necessity to the judge of the Circuit Court of the county in which the particular municipality may be located.

The complaint of the prosecutors is that the determination of the board of the question of public necessity of the improvement was made without notice to the property owners affected by the proposed paving, and we think the complaint is well founded.

It is clear that upon the determination of this question of public necessity would depend the obligation of the owners to pay for the improvement to the extent of the benefits received, for by the terms of the act, if decided affirmatively, the improvement becomes a local one, notwithstanding the protest of two-thirds of the land ownership. Of the pur-

pose to determine this question no notice was ever given. The only notice was of an intention to pass the ordinance as a local improvement and assess for benefits accordingly. Upon this phase of the ordinance becoming nugatory by reason of the protest, it was open to the board to abandon the whole scheme, to pursue it as a public improvement, or to re-constitute the improvement as a local one by determining it to be a public necessity. It chose the last-named course, but in doing so we think it was of necessity acting judicially upon a matter vitally affecting the rights of the prosecutors, and could only do so by affording them a day on which they could be heard.

The original notice of the passage of the ordinance gave no hint of the subsequent action respecting public necessity, and hence no opportunity to be heard on the last-named question. This they were entitled to. *Mead* v. *Passaic,* 2 *N. J. Mis. R.* 953.

That the question of public necessity is a fundamental one on which the parties interested were entitled to be heard we think cannot be doubted, and it existed anterior to the determination of the fact of public necessity. The claim made in the respondents' brief that the remedy in the present case is by appeal to the Circuit Court, is therefore without substance. That court is clothed with power to pass in review upon the action of the board in deciding the fact of public necessity, but it is without power to pass upon the jurisdictional right of the board to decide the question. *Certiorari* was therefore the appropriate remedy. On this phase of the case *Mead* v. *Passaic, supra,* is also in point.

The ordinance will be set aside, with costs.